41619. CONNER, for use v. RESOLUTE INSURANCE COMPANY.

ARGUED NOVEMBER 4, 1965—DECIDED JANUARY 7, 1966.

884

*Owens & Porter, William J. Porter, Jr.,* for appellant.

*Haas, Dunaway, Shelfer & Haas, George A. Haas, Hugh F. Newberry,* for appellee.

BELL, Presiding Judge. In order to comply with *Code Ann.* § 92A-605 (d), a bond must name as obligee the Governor of Georgia and include within the class of persons entitled to its protection "any holder of any final judgment arising out of the cause of action which necessitated the filing of the bond." *Code Ann.* § 92A-605 (d) (4). As the bond in question failed to meet these requirements, it was not a statutory bond, and thus *Campbell v. Benton,* 217 Ga. 368, 371 (2) (122 SE2d 223), and other decisions of like import are not applicable here.

"The contract of suretyship is one of strict law, and the surety's liability will not be extended by implication or interpretation." *Code* § 103-103. Here the defendant surety undertook to pay upon default of the principals the amount of any judgment rendered in favor of Francis Mullinax. It did not under the terms of the bond assume liability with reference to any judgment that might be rendered in favor of any other person.

For this reason the petition set forth no cause of action upon the bond and the trial court did not err in granting defendant's motion in arrest of judgment and dismissing plaintiff's petition.

*Judgment affirmed. Frankum and Hall, JJ., concur.*